**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

---

FELIPE RAMOS                                            *
8757 Georgia Avenue, Suite 400              *
Silver Spring, Maryland 20910                  *
                                                                    *
          Plaintiff,                                    *
    v.                                                           *        Case No.:
                                                                    *
SUPER CHICKEN, INC.                              *
422 S. Washington Street                           *
Falls Church, Virginia 22046                     *
                                                                    *
SERVE:     **Registered Agent:**                 *
           Pedro Giodano                       *
           422 S. Washington Street        *
           Falls Church, Virginia 22046   *
                                                                    *
          Defendant.                                 *

---

## **COMPLAINT**

Plaintiff Felipe Ramos ("Plaintiff") brings this action against Super Chicken, Inc. ("Defendant") for unpaid wages, damages, and other relief arising out of Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as his claims against Defendant:

### **THE PARTIES**

1.     Plaintiff is an adult resident of the Falls Church, Virginia.

2.     Defendant is a corporation formed under the laws of the State of Maryland that operates out of a business location in Fairfax County, Virginia.

3.     At all times relevant, Defendant has operated as Super Chicken, a business entity operating one or more restaurants in Northern Virginia and Maryland featuring Peruvian style rotisserie charcoal broiled chicken and other Peruvian-style cuisine.

4.      During the relevant period, Defendant sold food, drinks, and related consumer products that passed in inter-state commerce.

5.      During the relevant period, Defendant qualified as an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1).

6.      In each year during the relevant period, Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

7.      At all relevevant times, Defendant qualified as Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.      This Court has subject matter jurisdiction over the claims at issue because Plaintiff's claims against Defendant arise under the FLSA, a Federal statute presenting a Federal question for Court adjudication.

9.      Pursuant to the foregoing, jurisdiction and venue are proper in the United States District Court for the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

10.     Plaintiff was employed by Defendant at its Super Chicken Falls Church, Virginia, restaurant location during the period of about December 2018 through about March 2020.

11.     While employed, Plaintiff's primary job duties included non-exempt tasks including cooking, cleaning, and related restaurant laborer duties.

12.     During Plaintiff's period of employment, the exact hours Plaintiff worked varied slightly from week to week.

13.     During Plaintiff's period of employment, Plaintiff customarily worked about sixty-six (66) hours per week.

2

14.     At all times during Plaintiff's employment, Defendant had actual knowledge of all hours Plaintiff worked each week including overtime Plaintiff worked over forty (40) hours per week.

15.     At all times during Plaintiff's employment, Defendant directed Plaintiff to work all hours alleged herein including overtime over forty (40) hours per week.

16.     During the period of Plaintiff's employment, Defendant paid Plaintiff a flat weekly salary for all hours worked each week.

17.     In the year 2018, Defendant paid Plaintiff a flat weekly salary in the total gross amount of $635.00 per week.

18.     In the years 2019 and 2020, Defendant paid Plaintiff a flat weekly salary in the total gross amount of $705.00 per week.

19.     At no time during Plaintiff's employment did Defendant pay Plaintiff at a regular hourly rate for hours worked.

20.     At no time during Plaintiff's employment did Defendant pay Plaintiff at the rate of one-and-one-half times Plaintiff's regular hourly rate for overtime Plaintiff worked over forty (40) hours per week.

21.     During the period of Plaintiff's employment, Defendant paid Plaintiff his flat weekly salary for all hours Plaintiff worked each week including overtime Plaintiff worked over forty (40) hours per week.

22.     At all times, Defendant failed to pay Plaintiff at the time-and-one-half rate required by the FLSA for overtime Plaintiff worked over forty (40) hours per week.

23.     Defendant now owes Plaintiff unpaid "half time" FLSA overtime wages in the amount of about nine thousand dollars ($9,000.00).

24.     At no time did Defendant engage in any affirmative effort to learn or apply the FLSA overtime compensation requirements to ensure that Plaintiff was paid overtime compensation as required by the FLSA as compensation for overtime worked over forty (40) hours per week.

25.     No mitigating facts exist in this case such that the Court has discretion to deviate from an award to Plaintiff in the full amount of two times (2x) his unpaid overtime wages, plus all attorney's fees incurred related to the prosecution of Plaintiff's claims.

### CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*

26.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

27.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

28.     Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

29.     On information and belief, Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff proper overtime compensation in violation of the FLSA.

30.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

31.     Plaintiff is entitled to recover unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

**WHEREFORE**, Plaintiff prays for relief as follows:

A.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

B.     An award to Plaintiff in the amount of unpaid overtime wages and liquidated damages;

C.     An award of any pre- and post-judgment interest;

D.     An award of reasonable attorneys' fees and costs to be determined by post-trial petition; and

E.     Such further relief as may be necessary and appropriate.

Dated:  July 8, 2020                      Respectfully Submitted:

Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff*